UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MED. DIAGNOSTIC LABS., LLC, <br><br> Plaintiff, <br><br> v. <br><br> HORIZON HEALTHCARE SERVS., INC., *et al.*, <br><br> Defendants. | Civ. No. 2:18-616 (WJM) <br><br> OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Medical Diagnostic Laboratories, LLC ("MDL") brings this action against Horizon Healthcare of New Jersey d/b/a Horizon NJ Health ("HNJH") and its affiliates, alleging unlawful discrimination when HNJH denied MDL's application to join its Medicaid network, in violation of 42 U.S.C. § 1396u–2(b)(7) (the Medicaid Act's antidiscrimination provision). This matter comes before the Court on HNJH's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. No oral argument was held. FED. R. CIV. P. 78(b). For the reasons below, HNJH's motion to dismiss is **GRANTED** and MDL's Complaint is **DISMISSED WITH PREJUDICE**.

I. BACKGROUND

A managed care organization ("MCO"), HNJH has a contract with the State of New Jersey to administer its Medicaid Program. Compl. ¶¶ 1, 8–9, ECF No. 1. MDL is an outpatient medical laboratory specializing in tests for sexually transmitted infections. *Id.* ¶¶ 2, 4. As an in-network provider for the State and its contracted Medicaid program MCOs, MDL mainly serves high-risk populations, such as pregnant or at-risk women of becoming pregnant. *Id.* ¶¶ 6, 8–9.

MDL alleges HNJH had no legitimate business reason to deny access to its Medicaid network. *Id.* ¶ 49. As a consequence, MDL claims the denial decision represents unlawful discrimination because it deprives high risk HNJH Medicaid insureds access to MDL's specialized testing services. *Id.* ¶¶ 7, 11. Also, MDL claims HNJH has yet to provide reimbursement for laboratory tests performed on HNJH Medicaid insureds. *Id.* ¶ 56.

HNJH now moves to dismiss the Complaint, arguing it neither violated federal law nor its contract with the State's Medicaid program when it declined MDL's application to join its Medicaid network. Mot. to Dismiss Br. 4, ECF No. 8-2. And even if HNJH's refusal of MDL's application to join its Medicaid provider network was discriminatory

under the Medicaid Act, such violation of federal law provides MDL no private cause of action. *See id.* at 4–13.

MDL responds, arguing HNJH's unlawful network participation decision arises under the Medicaid Act and its implementing regulations because MCOs like HNJH cannot discriminate against providers that serve high-risk populations. MDL Opp'n Br. 15–19, ECF No. 9. Thus, MDL claims Congress intended to create a private right of action that enables providers to sue MCOs over network participation decisions. *Id.* at 15. In reply, HNJH reiterates MDL has no private right of action since Medicaid exists to benefit the infirm whom the providers serve, rather than benefit of the providers themselves. HNJH Reply Br. 3, ECF No. 10.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975).

## III. DISCUSSION

HNJH claims the sole count in MDL's Complaint, asserting unlawful discrimination under Section 1396u–2(b)(7) of the Medicaid Act, must be dismissed because the provision affords providers like MDL no private right of action. The Court agrees.

"The question whether a statute creates a cause of action, either expressly or by implication, is basically a matter of statutory construction . . . . [And] what must ultimately be determined is whether Congress intended to create the private remedy asserted. . . ." *Transamerica Mort. Advisors, Inc. v. Lewis*, 444 U.S. 11, 16 (1979) (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979)); *see also Am. Trucking Ass'ns, Inc. v. Del. River Joint Toll Bridge Comm'n*, 458 F.3d 291, 296 (3d Cir. 2006). In the absence of express statutory authorization, Supreme Court precedent shows continued reluctance to create private causes of action. *See Touche Ross & Co.*, 442 U.S. at 560 (noting the Court will create a private right of action only upon showing evidence of affirmative congressional intent to do so); *Cort v. Ash*, 422 U.S. 66 (1975); *J.I. Case Co. v. Borak*, 377 U.S. 426 (1964). Thus, the court's inquiry is confined to answering two questions: (1) "who would benefit from the [Medicaid Act's antidiscrimination provision], and "whether Congress intended to confer federal rights upon those beneficiaries." *Am. Trucking Ass'ns, Inc.*, 458 F.3d at 297 (citing *Calif. v. Sierra Club*, 451 U.S. 287, 294 (1981)).

As to the first question, MDL cannot maintain its private cause of action against HNJH because the Medicaid Act antidiscrimination provision MDL relies upon is phrased in terms of benefitting Medicaid insureds, not providers. *See Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1387 (2015) (citing 42 U.S.C. § 1396u–2(b)(7)). And as to the second question, the "rights-creating language" in a statute to sue

over discrimination must indicate an "unmistakable focus on the benefitted class." *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002) (citation omitted). The Medicaid statute at issue here gives MCOs like HNJH the right to manage their networks "to meet the needs of [their] enrollees . . . ." 42 U.S.C. § 1396u–2(b)(7). And that same provision falls under the heading "Beneficiary protections." *Id.* Thus, as to providers, the statute "gives no express indication of a desire to create a right of action to enforce the [antidiscrimination] standard." *Am. Trucking Ass'ns, Inc.*, 458 F.3d at 297.

Further, MDL's argument that the Medicaid Act antidiscrimination provision's implementing regulation contains a private right to sue is without merit. That is because a federal regulation alone cannot create a private cause of action unless the enabling statute creates such right or else authorizes the appropriate regulatory agency to do so. *See Three Rivers Ctr. for Indep. Living v. Hous. Auth. of the City of Pitt.*, 382 F.3d 412, 424 (3d Cir. 2004) (citing *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001)). Therefore, because MDL has failed to show how the Medicaid Act's antidiscrimination provision affords a private right of action, any amendment to the Complaint here would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### IV. <u>CONCLUSION</u>

Accordingly, HNJH's motion to dismiss is **GRANTED**. MDL's Complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

                                              */s/ William J. Martini*
                                       **WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 24, 2018**